IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK04-84197 |
| | ) | |
| SOMERSET APTS., LTD., | ) | |
| | ) | CH. 11 |
| Debtor(s). | ) | |
| | ) | Filing No. 116, 125, 127, 139 |

ORDER

Trial was held in Omaha, Nebraska, on May 5, 2006, regarding Filing No. 116, Objection to Claim, filed by debtor; Filing No. 125, Request for Hearing, filed by Kerns/Porter, Inc.; Filing No. 127, Response to Request for Hearing, filed by debtor; and Filing No. 139, Supplemental Objection to the Claim of Kerns/Porter, Inc., filed by debtor. Howard Duncan appeared for the debtor, P. Shawn McCann appeared for Kerns/Porter, Inc., and Richard Kerns, and Mark Steele appeared for Connie Steele.

The debtor, Somerset Apts., Ltd. ("Ltd."), is a Nebraska limited partnership that owns and operates an apartment complex in Lincoln, Nebraska. Somerset Apts., Inc. ("Inc.") is a Nebraska corporation which is the general partner of Ltd. Richard Kerns ("Kerns") was a shareholder of Inc. and the president of Inc. for several years.

Ltd. filed this Chapter 11 case and Kerns, on behalf of one of his business entities, Kerns/Porter, Inc. ("Kerns/Porter"), filed a claim as the assignee of Nancy S. Blume, Judith L. Johnson, and Alwyn Johnson. The assignment of the claims of those parties was part of a settlement of a lawsuit against Kerns, individually, Kerns/Porter, and Inc. The assignment conveyed their interest in certain promissory notes executed by Kerns in his capacity as president of Inc.

None of the promissory notes, copies of which are attached to Filing No. 116 at Exhibits 2 and 3, list Ltd. as the maker of the note, nor do they indicate that Ltd. has any type of beneficial interest in the proceeds of the notes.

As mentioned above, Kerns/Porter became the assignee of the note holders to settle a lawsuit pending in Buffalo County District Court which alleged, among other things, fraud, breach of contract, and breach of fiduciary duty by Kerns and Kerns/Porter with regard to the information provided to the note holders prior to the time they delivered funds to Inc. in consideration for the execution of the notes by Inc. The answer of Kerns/Porter and Kerns in the Buffalo County lawsuit is that each of the notes is the obligation of Inc., Filing No. 176, paragraphs 9, 13 and 17. At paragraph 11, Kerns and Kerns/Porter admit that the $50,000 check from Judy Johnson, payable to the order of Inc., "was received on behalf of Somerset Apts., Inc." In paragraph 15, Kerns and Kerns/Porter admit that the checks from Alwyn Johnson "were negotiated and paid for the benefit of Somerset Apts., Inc." In paragraph 7, Kerns and Kerns/Porter admit that two checks in the amount of $30,000 and $10,000 from Blume were accepted on behalf of Somerset Apts., Inc. and "said checks were negotiated and paid when presented to Somerset Apts., Inc."

At trial, Mr. Kerns, on behalf of Kerns/Porter, testified that although the promissory notes were executed by him as president of Inc., they were so executed by Inc. in its capacity as the general partner of Ltd., that the funds were used for the benefit of Ltd., and that the obligations represented by the promissory notes are the obligations of Ltd.  Such testimony is totally inconsistent with the position Kerns and Kerns/Porter took in the Buffalo County litigation which resulted in the assignment of the promissory notes.

The testimony of Kerns is also inconsistent with the written record.  The notes themselves are executed only by Kerns as president of Inc.  Filing No. 190 is a business record of Inc.  The notes appear as an "investment" on Inc.'s books.  Filing No. 189 is a business record of Ltd.  The notes do not appear on such business record.  Filing No. 162 is an audit report for the year ending 1997 for Ltd.  The notes do not appear on the audit.  Filing No. 192, a fax from Kerns/Porter to the accountants for Inc., shows a list of outstanding notes.  Each of the notes which are the subject matter of this litigation are listed as obligations of Inc. as of 1/29/97.

The overwhelming documentary evidence, including the judicial admissions made by Kerns and Kerns/Porter in the Buffalo County litigation, support the position of the debtor that the promissory notes are not the obligation of Ltd.

The objection filed by the debtor to the Kerns/Porter claim, as assignee, is granted.  The claim is disallowed.

SO ORDERED.

DATED this 10th day of July 200l6.

                              BY THE COURT:

                              /s/ Timothy J. Mahoney
                              Chief Judge

Notice given by the Court to:
    *Howard Duncan
    P. Shawn McCann
    Mark Steele
    U.S. Trustee

Movant(*) is responsible for giving notice of this order to all other parties not listed above if required by rule or statute.