IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | 8:06CV678 |
| | ) | BK 04-84197 (Chapter 11) |
| SOMERSET APTS., LTD., | ) | |
| | ) | **MEMORANDUM** |
| Debtor. | ) | **AND ORDER** |

The bankruptcy court[1] disallowed a claim by Kerns/Porter, Inc., after finding that certain promissory notes executed by Somerset Apts., Inc., in 1996, and assigned by their holders to Kerns/Porter, Inc., in 2003, were not obligations of the debtor, Somerset Apts., Ltd. On appeal, I affirm the bankruptcy court's decision.[2]

## *INTRODUCTION*

Richard Kerns is a shareholder and the president of the appellant-creditor Kerns/Porter, Inc. Between 1995 and 1999, Mr. Kerns was also a limited partner of the appellee-debtor Somerset Apts., Ltd., a Nebraska limited partnership, and a shareholder and the president of Somerset Apts., Inc., a Nebraska corporation that is the general partner of Somerset Apts., Ltd.

In 1996, Mr. Kerns executed three promissory notes on behalf of Somerset Apts., Inc. In 2003, the holders of the notes filed suit in the District Court of Buffalo County, Nebraska, against Somerset Apts., Inc., Richard Kerns, and Kerns/Porter,

---

[1] The Honorable Timothy J. Mahoney, Chief Judge, United States Bankruptcy Court for the District of Nebraska.

[2] I find that oral argument is not needed because the facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument. See Bankruptcy Rule 8012.

Inc., alleging nonpayment and fraud.  Later that same year, the note holders assigned all of their interest in the notes to Kerns/Porter, Inc., in consideration of the payment of $135,000.00.  Although not a party to the state court action, Somerset Apts., Ltd., filed a suggestion of bankruptcy in the case in January 2005.

Somerset Apts., Ltd., listed the original note holders as unsecured creditors in its Chapter 11 disclosure statement and also in subsequent bankruptcy court filings. The principal amount of the indebtedness on the notes was listed as $110,207.42. After Kerns/Porter, Inc., filed a proof of claim (in the total amount of $251,296.75) as assignee of the notes, however, Somerset Apts., Ltd., filed an objection and denied that it had any payment obligation; it alleged that Somerset Apts., Inc., was solely liable for the debt.

A hearing on the objection to the claim was held on May 5, 2006, after which the bankruptcy court made the following findings of fact:

> The debtor, Somerset Apts., Ltd. ("Ltd."), is a Nebraska limited partnership that owns and operates an apartment complex in Lincoln, Nebraska. Somerset Apts., Inc. ("Inc.") is a Nebraska corporation which is the general partner of Ltd.  Richard Kerns ("Kerns") was a shareholder of Inc. and the president of Inc. for several years.

> Ltd. filed this Chapter 11 case and Kerns, on behalf of one of his business entities, Kerns/Porter, Inc. ("Kerns/Porter"), filed a claim as the assignee of Nancy S. Blume, Judith L. Johnson, and Alwyn Johnson. The assignment of the claims of those parties was part of a settlement of a lawsuit against Kerns, individually, Kerns/Porter, and Inc.  The assignment conveyed their interest in certain promissory notes executed by Kerns in his capacity as president of Inc.

> None of the promissory notes, copies of which are attached to Filing No. 116 at Exhibits 2 and 3, list Ltd. as the maker of the note, nor do they indicate that Ltd. has any type of beneficial interest in the proceeds of the notes.

-2-

As mentioned above, Kerns/Porter became the assignee of the note holders to settle a lawsuit pending in Buffalo County District Court which alleged, among other things, fraud, breach of contract, and breach of fiduciary duty by Kerns and Kerns/Porter with regard to the information provided to the note holders prior to the time they delivered funds to Inc. in consideration for the execution of the notes by Inc. The answer of Kerns/Porter and Kerns in the Buffalo County lawsuit is that each of the notes is the obligation of Inc., Filing No. 176, paragraphs 9, 13 and 17. At paragraph 11, Kerns and Kerns/Porter admit that the $50,000 check from Judy Johnson, payable to the order of Inc., "was received on behalf of Somerset Apts., Inc." In paragraph 15, Kerns and Kerns/Porter admit that the checks from Alwyn Johnson "were negotiated and paid for the benefit of Somerset Apts., Inc." In paragraph 7, Kerns and Kerns/Porter admit that two checks in the amount of $30,000 and $10,000 from Blume were accepted on behalf of Somerset Apts., Inc. and "said checks were negotiated and paid when presented to Somerset Apts., Inc."

At trial, Mr. Kerns, on behalf of Kerns/Porter, testified that although the promissory notes were executed by him as president of Inc., they were so executed by Inc. in its capacity as the general partner of Ltd., that the funds were used for the benefit of Ltd., and that the obligations represented by the promissory notes are the obligations of Ltd. Such testimony is totally inconsistent with the position Kerns and Kerns/Porter took in the Buffalo County litigation which resulted in the assignment of the promissory notes.

The testimony of Kerns is also inconsistent with the written record. The notes themselves are executed only by Kerns as president of Inc. Filing No. 190 is a business record of Inc. The notes appear as an "investment" on Inc.'s books. Filing No. 189 is a business record of Ltd. The notes do not appear on such business record. Filing No. 162 is an audit report for the year ending 1997 for Ltd. The notes do not appear on the audit. Filing No. 192, a fax from Kerns/Porter to the accountants for Inc., shows a list of outstanding notes. Each of the notes which are the subject matter of this litigation are listed as obligations of Inc. as of 1/29/97.

Order entered July 10, 2006 (bankruptcy court filing 215). From these findings the bankruptcy court concluded that "[t]he overwhelming documentary evidence, including the judicial admissions made by Kerns and Kerns/Porter in the Buffalo County litigation, support the position of the debtor that the promissory notes are not the obligation of Ltd." Id. Consequently, the bankruptcy court sustained the objection of Somerset Apts., Ltd., and disallowed the claim of Kerns/Porter, Inc.

Kerns/Porter, Inc., then filed a motion for reconsideration and requested that the bankruptcy court make additional findings of fact. A hearing on the motion was held on September 5, 2006, but no new evidence was presented. Three weeks later, the bankruptcy court entered an order denying the motion to reconsider but making these additional findings:

> 1. There is no convincing evidence that Somerset Apts., Ltd., received the use or benefit of the funds obtained by Somerset Apts., Inc. Even if the evidence on that point was found in favor of the claimants, such a fact would not make Somerset, Apts., Ltd., liable to the claimants on an alter-ego theory. The two companies are separate business entities and without some agreement between them concerning sharing liabilities, one does not become liable for debts of the other. Mr. Kerns says there was such an agreement. I find otherwise.

> 2. The debtor has listed the liability on the underlying claims in the schedules and other documents filed in this case. Such listings are judicial admissions that representatives of the debtor believed at the time of filing the documents that there was a valid claim against the debtor. However, the debtor certainly has the right to object to a claim once representatives of the debtor and counsel for the debtor become aware of the questionable legitimacy of the claim. Prior to confirmation, there is no time limit for objecting to a claim. Listing the claim as an obligation of the debtor does not estop the debtor from later taking a different position with regard to the legitimacy of the claim.

Order entered September 26, 2006 (bankruptcy court filing 240).

### *The Issues on Appeal*

Kerns/Porter, Inc., argues on appeal that:

1. Judicial admissions made by Somerset Apts., Ltd., in the bankruptcy court filings must be enforced, but admissions made by Kerns/Porter, Inc., in state court pleading are not judicial admissions in the bankruptcy case and are not inconsistent with its claim in bankruptcy.

2. The doctrine of judicial estoppel prevents Somerset Apts., Ltd., from changing its legal position.

3. Alter ego liability does not require some agreement between Somerset Apts., Inc., and Somerset Apts., Ltd.

4. There is convincing evidence that Somerset Apts., Ltd., received the use and benefit of the note proceeds.

### *DISCUSSION*

The bankruptcy court's factual findings are reviewed for clear error, while its legal conclusions, as well as its conclusions involving mixed questions of law and fact, are reviewed de novo. See DeBold v. Case, 452 F.3d 756, 761 (8th Cir. 2006). A finding is "clearly erroneous" when, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed. Id.  The trier of fact cannot be reversed simply because the reviewing court would have decided the case differently. In re LeMaire, 898 F.2d 1346, 1349 (8th Cir. 1990).  Moreover, where the factual findings call for an assessment of witness credibility, even greater deference to the trier of fact is demanded. Id.

## *Judicial Admissions*

Determining whether a particular statement constitutes a judicial admission is a question of law that is reviewed de novo.  Estate of Korby v. C.I.R., 471 F.3d 848, 852 (8th Cir. 2006).  At issue are statements made by Somerset Apts., Ltd., in several bankruptcy court filings and statements made by Kerns/Porter, Inc., in the answer it filed in the state court action.  I find that the statements  are not judicial admissions.

The effect of a judicial admission is to withdraw that fact from issue and to dispense with the need for proof because the admission is binding on the party to whom it is attributable.  In re Vanguard Airlines, Inc., 298 B.R. 626, 635 (Bankr. W.D.Mo. 2003) (citing Wiget v. Becker, 84 F.2d 706, 711 (8th Cir.1936)).  A judicial admission thus differs from an evidential admission (as defined by Federal Rule of Evidence 801(d)(2)).  The vital feature of a judicial admission is its conclusiveness on the party making it.  United States v. Hawkins,  215 F.3d 858, 860 (8th Cir. 2000).

While "statements in bankruptcy schedules are executed under penalty of perjury and when offered against a debtor are eligible for treatment as judicial admissions," Vanguard Airlines, 298 B.R. at 635 (quoting Larson v. Groos Bank, N.A., 204 B.R. 500, 502 (W.D.Tex. 1996), such statements are easily changed or withdrawn during the pendency of the bankruptcy case.  "A voluntary petition, list, schedule, or statement may be amended by the debtor as a matter of course at any time before the case is closed."  Bankruptcy Rule 1009(a) (emphasis supplied).  A court filing that has been superseded cannot be considered conclusive.  Cf. Knudsen v. United States, 254 F.3d 747, 752 (8th Cir. 2001) (factual statements in a party's pleadings are generally binding on that party unless the pleading is amended); Missouri Housing Dev. Comm'n v. Brice, 919 F.2d 1306, 1314 (8th Cir.1990) (admissions in the pleadings  are in the nature of judicial admissions binding upon the parties, unless withdrawn or amended).

Somerset Apts., Ltd., did not file an amended disclosure statement in this case, but in its objection to the claim of Kerns/Porter, Inc., it specifically declared that "the claim is not a claim against Somerset Apartments Limited, the debtor herein, but is only a claim against the general partner of the debtor[,] Somerset Apartments Inc, a Nebraska corporation." (Bankruptcy court filing 116, ¶ 5.) Thus, Somerset Apts., Ltd., gave clear notice in advance of the hearing that it was no longer admitting any indebtedness for the notes that were executed by Somerset Apts., Inc. I find this was sufficient to remove the debtor's prior inconsistent statements from the realm of judicial admissions and to permit the bankruptcy court to receive evidence on the issue of liability.

Admissions contained in the answer that was filed by Kerns/Porter, Inc., in the state court action may not be treated as judicial admissions in the bankruptcy case. See State Farm Mut. Auto. Ins. Co. v. Worthington, 405 F.2d 683, 686 (8th Cir. 1968) (judicial admissions are binding for the purpose of the case in which the admissions are made, including appeals, but not in separate and subsequent cases). They may be considered as ordinary admissions, however. See id. ("Judicial admissions are conclusive in their nature but that effect is confined to the cause in which they are made. When used in other cases as ordinary admissions, they are, of course, . . . not conclusive.") (quoting IX Wigmore, Evidence § 1066 (3rd ed. 1940)).

Although Kerns/Porter, Inc., argues that the bankruptcy court considered its state-court pleading to be conclusive of its claim in bankruptcy, I find no indication of this. To the contrary, it is apparent that the bankruptcy court relied on certain admissions in the answer merely as evidence that note proceeds were received and used by Somerset Apts., Inc., for its own benefit. Kerns/Porter, Inc., also argues that such evidence is not inconsistent with the position it took in the bankruptcy court, where its attorney claimed that Somerset Apts., Inc., and Somerset Apts., Ltd., were jointly obligated on the notes (see, e.g., Transcript of September 5, 2006 hearing (bankruptcy court filing 256), 7:21-8:2), but, as found by the bankruptcy court, such

evidence does contradict Mr. Kern's testimony that the notes "were for the exclusive benefit of the partnership" and the proceeds "only went to pay Somerset Limited obligations." (Transcript of May 5, 2006 hearing (bankruptcy court filing 255), 35:1-6; 79:9-13.)

### *Judicial Estoppel*

In this circuit, an abuse of discretion standard applies when reviewing a court's application of the judicial estoppel doctrine. Stallings v. Hussmann Corp., 447 F.3d 1041, 1046-47 (8th Cir. 2006). I find that the bankruptcy court did not abuse its discretion in this case by holding that Somerset Apts., Ltd., was not estopped from objecting to the claim of Somerset Apts., Inc.

The doctrine of judicial estoppel "protects the integrity of the judicial process." Id. at 1047 (quoting Total Petroleum, Inc. v. Davis, 822 F.2d 734, 738 n. 6 (8th Cir.1987)). A court invokes judicial estoppel when a party abuses the judicial forum or process by making a knowing misrepresentation to the court or perpetrating a fraud on the court. Id. Therefore, a party that takes a certain position in a legal proceeding, "and succeeds in maintaining that position," is prohibited from thereafter assuming a contrary position "simply because his interests have changed," especially if doing so prejudices the party "who acquiesced in the position formerly taken by him." Id. (quoting New Hampshire v. Maine, 532 U.S. 742, 748 (2001)). Three factors, while not "an exhaustive formula for determining the applicability of judicial estoppel," aid a court in determining whether to apply the doctrine. Id. (quoting New Hampshire, 532 U.S. at 751). The three factors are as follows:

> First, a party's later position must be clearly inconsistent with its earlier position. Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second

court was misled.  Absent success in a prior proceeding, a party's later inconsistent position introduces no risk of inconsistent court determinations, and thus poses little threat to judicial integrity.  A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

New Hampshire, 532 U.S. at 750-51 (internal quotations and citations omitted).

The listing of the notes in the disclosure statement and other documents filed in the bankruptcy court by Somerset Apts., Ltd., was inconsistent with the objection that it later made to the claim of Kerns/Porter., Inc.  However, no action was taken by the bankruptcy court to accept the listing, and Kerns/Porter, Inc., has not demonstrated that it was prejudiced by the listing.  Thus, there is no basis for applying the judicial estoppel doctrine to bind Somerset Apts., Ltd., to the position that was taken in the disclosure statement.

Somerset Apts., Ltd., filing a suggestion of bankruptcy in the state-court action, when it was not a party to that action, was also inconsistent with its current position that it has no obligation on the notes.  The parties agree that the state-court action was automatically stayed with that filing, which was never withdrawn.  Thus, the first two New Hampshire factors appear satisfied.  However, the only prejudice claimed by Kerns/Porter, Inc., is that the stay prevented it from bringing Somerset Apts., Ltd., into the state-court action as a defendant.[3]  This argument fails as a matter of law because the mere act of filing a petition in bankruptcy, without regard to any listing of liabilities or giving of notice, protected Somerset Apts., Ltd., from being sued. See

---

[3] Kerns/Porter, Inc., also states in its brief that "during the pendency of the stay [Somerset Apts., Inc.,] transferred by assignment to the Charter Group of Arizona, Inc., all of its right to an Asset Management fee from [Somerset Apts., Ltd.,]" (filing 17 at 22), but it does not explain why this was either prejudicial to it or beneficial to Somerset Apts., Ltd.  This argument was not made to the bankruptcy court.

11 U.S.C. § 362(a)(1) ("[A] petition filed under section 301, 302, or 303 of this title
. . . operates as a stay, applicable to all entities, of . . . the commencement or
continuation . . . of a judicial, administrative, or other action or proceeding against
the debtor that was or could have been commenced before the commencement of the
case under this title, or to recover a claim against the debtor that arose before the
commencement of the case under this title[.]").  The argument also fails on the facts
because the evidence shows that Kerns/Porter, Inc., obtained the assignment of the
plaintiffs' claims in the state-court action in August 2003, sixteen months before
Somerset Apts., Ltd., filed the suggestion in bankruptcy.

### *Alter Ego Liability*

Kerns/Porter, Inc., next claims that Somerset Apts., Inc., was merely the alter
ego of Somerset Apts., Inc., and argues that the bankruptcy court erred in holding that
Somerset Apts., Ltd., could not be liable for debts incurred by Somerset Apts., Inc.,
"without some agreement between them concerning sharing liabilities."  I agree with
the bankruptcy court that there is no factual or legal basis for imposing liability on
Somerset Apts., Ltd., on an alter ego theory.

Under the law of Nebraska, as elsewhere, the shareholders of a corporation
generally are not liable for its debts or other obligations. However, "[i]n equity, the
corporate entity may be disregarded and held to be the mere alter ego of a shareholder
or shareholders in various circumstances where necessary to prevent fraud or other
injustice." U. S. Nat. Bank of Omaha v. Rupe, 296 N.W.2d 474, 477 (Neb. 1980).
"A plaintiff seeking to pierce the corporate veil must allege and prove that the
corporation was under the actual control of the shareholder and that the shareholder
exercised such control to commit a fraud or other wrong in contravention of the
plaintiff's rights." Global Credit Services, Inc. v. AMISUB (Saint Joseph Hosp.),
Inc., 508 N.W.2d 836, 842 (Neb. 1993). "Among the factors relevant in determining
whether to disregard the corporate entity are grossly inadequate capitalization,

-10-

insolvency of the debtor corporation at the time the debt is incurred, diversion by the shareholder or shareholders of corporate funds or assets to their own or other improper uses, that the corporation is a mere facade for the personal dealings of the shareholder, and that the operations of the corporation are carried on by the shareholder in disregard of the corporate entity." Id.

In this case, Somerset Apts., Ltd., has not been shown to be a shareholder of Somerset Apts., Inc. Instead, the evidence shows just the opposite—that Somerset Apts., Inc., is the general partner of Somerset Apts., Ltd. Thus, what we are really dealing with is a claim that Somerset Apts., Ltd., as principal, is liable for debts that were incurred by its agent, Somerset Apts., Inc.

It is a rule of law that an agent may not borrow money and bind his principal for its repayment unless such authority is expressly conferred or necessarily implied by the authority granted. PWA Farms, Inc. v. North Platte State Bank, 371 N.W.2d 102, 106 (Neb. 1985). However, where a principal and agent jointly participate in, and share the fruits of, actionable fraud, they are jointly liable for resulting damages. Zimmer v. Gudmundsen, 5 N.W.2d 707, 719 (Neb. 1942). The bankruptcy court found no convincing evidence that Somerset Apts., Ltd., received the use or benefit of the funds or agreed to be liable on the notes. I will examine those findings next.

### *Evidence*

Fed. R. Bankr. P. 3001(f)—which modifies the Federal Rules of Evidence in bankruptcy proceedings—dictates that a proof of claim is prima facie evidence of the claim's validity and amount. Upon objection, the proof of claim provides "some evidence as to its validity and amount" and is "strong enough to carry over a mere formal objection without more." Wright v. Holm (In re Holm), 931 F.2d 620, 623 (9th Cir.1991) (quoting 3 L. King, Collier on Bankruptcy § 502.02, at 502-22 (15th ed.1991)). A party objecting to a proof of claim has the

burden of going forward to "meet, overcome, or, at minimum, equalize the valid claim." FDIC v. Union Entities (In re Be-Mac Transport Co.), 83 F.3d 1020, 1025 (8th Cir.1996) (quoting In re Gridley, 149 Bankr.128, 132 (Bankr. D.S.D.1992)). Once the burden of overcoming the prima facie validity of the proof of claim is met, the ultimate burden of persuasion always rests on the claimant by a preponderance of the evidence. Id.

Vanguard Airlines, 298 B.R. at 636.

In this case, it was sufficient for Somerset Apts., Ltd., to show that it was not the maker of the three promissory notes that evidence the claim. Once that showing was made, it was incumbent upon Kerns/Porter, Inc., to prove that Somerset Apts., Ltd., is liable to it for some other reason. Having carefully reviewed the record, I cannot say that the bankruptcy court's finding of no liability is clearly erroneous.

Apart from the non-binding admissions previously discussed, the only evidence that Somerset Apts., Ltd., received any use or benefit of the note proceeds, or had some agreement or understanding with Somerset Apts., Inc., concerning the notes, was in testimony provided by Mr. Kerns, which the bankruptcy court did not find to be credible. Where the bankruptcy court's factual findings call for an assessment of witness credibility and where, as here, the record contains no contradictory documents or objective evidence, even greater deference must be given to those findings. In re Hixon, 387 F.3d 695, 700 (8th Cir. 2004). There is simply no reason to reject the bankruptcy court's findings of fact in this case. Accordingly,

IT IS ORDERED that the bankruptcy court's judgment is affirmed.

February 21, 2007.                    BY THE COURT:

                                      s/ Richard G. Kopf
                                      United States District Judge